# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT HUNTINGTON DIVISION

| | |
|---|---|
| **EULES BARKER** and **MICHELLE BARKER,** | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CIVIL ACTION NO. 2:16-cv-02600<br>) HONORABLE _____<br>) |
| **CONSOL OF KENTUCKY, INC.**<br>a Delaware corporation, | )<br>)<br>) |
| Defendant. | ) |

## COMPLAINT

Come now the plaintiffs, Eules Barker and Michelle Barker, his wife, by and through counsel, Brian L. Ooten, Frank Venezia and Benjamin Mishoe of the law firm of Shaffer & Shaffer, PLLC, and for their Complaint against the defendants, state and allege as follows:

## PARTIES

1. At all times relevant to this Complaint, plaintiffs were residents of Mingo County, West Virginia.

2. At all times relevant to this Complaint, Consol of Kentucky, Inc. (hereinafter "Consol") was a foreign corporation doing business in the State of West Virginia, including Mingo County, and whose principal office is located in Canonsburg, Pennsylvania.

**JURISDICTION**

3.     This Court has jurisdiction over this action because 1) there is complete diversity of citizenship between plaintiffs and defendant, and 2) the amount in controversy exceeds the jurisdictional minimum of this Court.

**VENUE**

4.     Venue is proper upon information and belief as the defendant does business and can be found within the district to the United States District Court for the Southern District of West Virginia, Huntington Division.

**BACKGROUND**

5.     Defendant Consol is engaged in the business of underground and surface coal mining.

6.     At all times relevant to this Complaint, Eules Barker was employed by the defendant as a heavy equipment mechanic at Consol's Twin Branch surface mine (MT-101) located in Mingo County, West Virginia.

7.     On or about July 8, 2014, while in the course and scope of his work as a heavy equipment mechanic, plaintiff Eules Barker attempted to climb up a ladder mounted on one of the defendant's Caterpillar 789 rock trucks in order to service the truck.

8.     Defendant, as supervisor and operator of its surface coal mine installations, including the subject mine, had a duty to operate the mine in a prudent and safe manner; this included the duty to follow all applicable safety regulations, laws and industry standards to insure, among other things, that the mobile equipment used at the mine, including rock trucks, were properly equipped and maintained to minimize the risk of serious injury or death to employees and contractors working at the mine, including Eules Barker.

9. On the date and place mentioned above, the referenced truck in question was defective and unsafe as follows: a) the ladder(s) installed on the truck were not intended for the subject truck; b) the suspension cylinders were overcharged; c) the truck was routinely parked on a slant, which, along with the ladder and overcharged suspension cylinders, increased the distance from the ladder to the ground; and, d) were otherwise defective and unsafe.

10. Because the ladder(s) were further from the ground, they would flex underneath the rock truck when weight was put on them, which made climbing up the ladder(s) difficult and dangerous. This forced the truck mechanics, including the plaintiff, to attempt to climb ladders that were too short and flimsy and, consequently, dangerous to use.

11. As a direct and proximate result of the condition of the ladder(s) as described herein, plaintiff, while attempting to service the subject truck, lost his grip on the right side of the ladder, slipped, and was hung from the ladder by his left arm.

## COUNT I - DELIBERATE INTENT

12. Plaintiffs adopt and incorporate by reference the allegations contained in each of the preceding paragraphs as if fully set forth herein.

13. The conduct of the defendant, as previously described in this Complaint, constitutes acts of deliberate intention to produce the injuries hereinafter described within the scope and meaning of *West Virginia Code* § 23-4-2(d)(2)(ii).

14. The acts and omissions of the defendant, as described above, created specific unsafe working conditions which presented a high degree of risk and a strong probability of serious injury or death to Eules Barker.

15. Defendant had actual knowledge of the existence of the unsafe working conditions and of the high degree of risk and strong probability of serious injury or death presented by such specific unsafe working conditions described herein.

16. The specific unsafe working conditions described above were violations of state or federal safety statutes, rules or regulations, whether cited or not, or of commonly accepted and well-known safety standards within the industry or business of the employer, as demonstrated by competent evidence of written standards or guidelines which reflect a consensus safety standard in the industry or business, which statutes, rules, regulations or standards were specifically applicable to the particular work and working condition involved, as contrasted with statutes, rules, regulations or standards generally requiring safe workplaces, equipment or working conditions.

17. Notwithstanding the existence of the specific unsafe working conditions, the knowledge of the defendant and applicability of the unsafe working conditions to the duties required of Eules Barker, the defendant nevertheless intentionally exposed him to the specific unsafe working conditions described herein.

18. Plaintiff Eules Barker's injuries include the following:  Damage to the brachial plexus including a torn bicep tendon, rotator cuff, and labrum resulting in the loss of use of the left arm.  It is reasonably certain that Mr. Barker will undergo a left arm amputation in the near future.

19. As a proximate result of the conduct of the defendant described herein, plaintiff Eules Barker suffered severe permanent injuries to various parts of his body, including, but not limited to: damage to the brachial plexus including a torn bicep tendon, rotator cuff and labrum resulting in the loss of use of the left arm, which will almost certainly require left arm

amputation in the near future. These injuries have and will continue to result in great pain and suffering of mind and body. Plaintiff has endured medical procedures, medications, and other medical expenses, lost wages and has lost enjoyment of life and will continue to suffer these damages in the future.

## COUNT II - LOSS OF CONSORTIUM

20. Plaintiffs adopt and incorporate by reference the allegations contained in each of the preceding paragraphs as if fully set forth herein.

21. Plaintiffs were married to each other on the date of the above-described incident.

22. As a result of the injuries suffered by her husband, plaintiff Michele Barker was deprived of her husband's services and consortium, and is required to perform duties that she would not have had to perform if her husband had not been injured. These damages will continue into the future.

## PRAYER

WHEREFORE, plaintiffs, Eules Barker and Michelle Barker, demand judgment against the defendant in an amount that will adequately and fairly compensate them for their damages as follows:

    a. Plaintiff's loss of a limb;

    b. Medical expenses, past and future;

    c. Pain and suffering, past and future;

    d. Loss of the ability to enjoy life, past and future;

    e. Emotional distress and mental anguish, past and future;

    f. Annoyance and inconvenience, past and future;

    g. Lost wages, past and future;

      h.      Scarring and disfigurement;

      i.      Attorney's fees, costs and expenses associated with prosecuting this action;

      j.      Prejudgment and post-judgment interest; and

      k.      Any other relief to which the plaintiffs appear to be entitled.

**PLAINTIFFS DEMAND A TRIAL BY JURY.**

      **EULES BARKER and**
      **MICHELE BARKER**
      **Plaintiffs,**

      By Counsel

/s/ Brian L. Ooten
Brian L. Ooten (WVSB #9358)
Frank Venezia (WVSB #4637)
Benjamin M. Mishoe (WVSB #10278)
SHAFFER & SHAFFER, PLLC
330 State Street
P.O. Box 38
Madison, WV 25130
Telephone: (304) 369-0511